UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEONEL ARMANDO BOLIVAR LINARES,

*Petitioner*,

v. Case No. 3:26-cv-2142-JEP-SJH

WARDEN, BAKER
CORRECTIONAL INSTITUTION,
et al.,

*Respondents*.
_________________________________/

# ORDER

Petitioner, a citizen of Venezuela who was paroled into the United States on February 3, 2023, is currently detained by the United States Immigration and Customs Enforcement.[1] (*See* Doc. 11 at 2; *see also* Docs. 11-1, 11-2). Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release him. (*See* Doc. 1 at 14). He contends, among other things, that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act ("INA"). (*See id.* at 8–10).

---

[1] When Petitioner filed this case, he was housed at Florida Baker Correctional Institution. (*See* Doc. 1 at 3). He has since been transferred to a detention facility in New Mexico. (*See* Doc. 10-1.)

This Court has addressed claims and arguments similar to those raised in this case and has concluded it is bound by the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026).[2] *See, e.g.*, *Sanchez v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-2242-JEP-SJH, 2026 WL 2794856 (M.D. Fla. Sept. 17, 2026); *Rahmani v. Warden, Baker Cnty. Facility*, No. 3:26-CV-1685-JEP-LLL, 2026 WL 2162799 (M.D. Fla. July 28, 2026); *Martinez-Gil v. Warden, N. Fla. Det. Facility*, No. 3:26-CV-1642-JEP-SJH, 2026 WL 2130714 (M.D. Fla. July 24, 2026); *Padilla v. Mullin*, No. 3:26-CV-1572-JEP-MCR, 2026 WL 2103604 (M.D. Fla. July 22, 2026). For the same reasons expressed in this Court's prior cases, the petition is due to be granted.

Also through counsel, Petitioner has filed an emergency motion to return, in which he asks the Court to direct Respondents to immediately return him to the Middle District of Florida and declare that the Court retains jurisdiction despite the transfer. (*See* Doc. 5 at 6.) The motion is denied.

---

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

Because Petitioner was detained within the Middle District of Florida when he filed this case, this Court retains jurisdiction despite his transfer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g.*, *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). Moreover, the Court is not persuaded that Petitioner's transfer will frustrate its ability to provide him with relief. New Mexico is in the Tenth Circuit Court of Appeals, which has ruled similarly to the Eleventh Circuit on the bond hearing issue. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1233 (10th Cir. 2026). As such, there should be no impediment to Petitioner's receipt of the relief directed by this Court.

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory detention without an individualized bond hearing violates the

INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[4] or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The emergency motion to return (Doc. 5) is **DENIED**.
3. The Warden's motion to dismiss (Doc. 10) and Petitioner's motion to expedite (Doc. 14) are **DENIED as moot**.
4. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on November 1, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

[3] Because the Court grants relief on this claim, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[4] Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "'comfortable majority position'" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

c:
Counsel of Record